UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RENAISSANCE SPECIALTY
INSURANCE, LLC, THE
RENAISSANCE GROUP, LLC,
TRADESMAN PROGRAM
MANAGERS, LLC,

        Plaintiffs,

   v.

CHARLES LANDRUM, CHASGATR
CONSULTANTS INC, ROKSTONE
SPORTS AND LEISURE LLC,

        Defendants,

_____/

Case No.: 5:24-cv-00392-WGY-PRL

## ORDER

This breach of contract diversity action is before the Court for consideration of Defendants Charles Landrum, Chasgatr Consultants Inc., and Rokstone Sports and Leisure LLC's motion to compel answers to interrogatories and responsive documents to discovery requests. (Doc. 58). Plaintiff Renaissance Specialty Insurance, LLC, has responded (Doc. 65), and Defendants have filed a reply. (Doc. 73). For the reasons explained below, the motion to compel is due to be granted in part and otherwise denied.

### I.    Background

This case arises out of Defendant Charles Landrum's consulting work with Plaintiff, Renaissance Specialty Insurance, LLC. ("RSI"). RSI underwrites insurance coverage for a "specialized and niche market," including live music, sporting, and entertainment events and

venues. (Doc. 49 at 3). RSI's business relies on "certain confidential information and documents, proprietary methods, and trade secrets to maintain a competitive advantage and to distinguish itself from its competitors," including insureds' loss runs, broker and reinsurance broker lists, policy renewal dates and terms and conditions of broker agreements. (Doc. 49 at 4-5).

In 2021, RSI entered an agreement with Landrum and his consulting business, Chasgatr Consultants, Inc., including Landrum's appointment as RSI's chief executive underwriting officer and Landrum providing underwriting and executive business consulting services to RSI. As alleged in the second amended complaint, Landrum "directed and oversaw all aspects of RSI's underwriting functions," including, but not limited to,

> assisting with the development of RSI's underwriting procedures, policy forms and endorsements; developing new and best practices; and maintaining and growing key relationships with RSI's brokers, insureds, RSI's fronting carrier, reinsurers, and reinsurance brokers.

> Landrum also coordinated field underwriting and RSI's field sales force, and was responsible for establishing overall direction and strategic initiatives for RSI's unique and niche insurance programs.

(Doc. 49 at 6). Landrum's relationship with RSI was the subject of a written agreement that included provisions regarding conflicts of interest, ownership of work product, confidentiality, and non-interference with business.

As alleged in the second amended complaint, in June of 2024, Landrum gave notice of terminating the agreement with RSI. Soon thereafter, competitor Rokstone Sports and Leisure LLC ("Rokstone") announced the launch of a new sports and leisure casualty division in the United States to be led by Landrum. RSI alleges that, because Rokstone had no prior

presence in that market, it necessarily had to rely on Landrum's knowledge, contacts, and relationships. In short, this litigation ensued.

In this action, Plaintiff RSI alleges claims for breach of contract and tortious interference, as well as claims arising from misappropriation of trade secrets and breach of fiduciary duties and related claims. (Doc. 49). The current discovery dispute arises from Defendants' motion to compel answers to interrogatories and responsive documents and to overrule all objections. (Doc. 58). RSI has responded in opposition (Doc. 65), and Defendants have filed a reply. (Doc. 73). The parties have been given ample opportunity to brief the issues, as well as to confer in good faith regarding the disputed issues as directed by the Court. (Doc. 68). Defendants' motion is ripe for resolution.

## II.    Legal Standards

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, No. 6:06-cv-1671, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007).

The moving party "bears the initial burden of proving that the information sought is relevant." *Douglas v. Kohl's Dep't Stores, Inc.*, No. 6:15-cv-1185, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quoting *Moore v. Lender Processing Servs. Inc.*, No. 3:12-cv-205, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013)). Relevancy is based on the "tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence

in determining the action." *Garcia v. Padilla*, No. 2:15-cv-735, 2016 WL 881143, at *2 (M.D. Fla. March 8, 2016) (quoting Fed. R. Evid. 401).

Proportionality requires counsel and the Court to consider whether relevant information is discoverable in view of the needs of the case. In making this determination, the Court is guided by the non-exclusive list of factors in Rule 26(b)(1). *Graham & Co., LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:14-cv-2148, 2016 WL 1319697, at *3 (N.D. Ala. April 5, 2016). "Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Id.* (quoting *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 569 (D. Colo. 2014)).

In order to frame the discovery, it is essential to determine the purpose of the discovery. As the commentary to Rule 26 explains: "A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." Fed. R. Civ. P. 26. Then, of course, it is the "Court's responsibility, using all the information provided by the parties, . . . to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

### III.    Discussion

To begin, after being directed to confer in good faith, including to specifically and meaningfully discuss, either <u>in person</u> or via <u>telephone</u> <u>each</u> and <u>every</u> issue that remains in dispute in an effort to reach a resolution (Doc. 68), it appears that the parties have somewhat narrowed the issues in dispute.

The Court notes however, that for the most part, the parties have taken a blanket approach in the Defendants' motion to compel, RSI's response, and the Defendants' reply. In other words, rather that setting forth each specific discovery request, the response and/or objection that was made, the parties' respective arguments, and an explanation of the extent to which the specific request remains in dispute, the parties have instead grouped several requests together in their briefs (as many as eight requests in one argument). This circumstance makes the Court's analysis difficult.

Meanwhile, RSI's response to the motion to compel primarily argues that the motion to compel was premature or is moot. With a few exceptions, RSI's response lacks substantive arguments regarding the specific outstanding disputed requests. (Doc. 65). RSI contends that Defendants' substantive arguments have been rendered moot by the Court's granting a stipulated protective order and RSI's making an initial production that will be supplemented. RSI also contends that its attempts to search for certain documents has been delayed pending Defendants' providing search terms.

Meanwhile, in response to the Court's directive, Defendants filed a reply that identified the discovery disputes that still require resolution by the Court and set forth arguments in favor of their position. The Court notes that, in most instances, RSI's response to the motion to compel failed to directly address those specific outstanding discovery requests, except for the suggestion that a further supplemental disclosure would be made. Defendants maintain that the promised supplemental production(s) has not been forthcoming.

The Court now has the cumbersome task of trying to discern which requests truly remain in dispute and require resolution by the Court. And here, the Court must do so with

the benefit of only a few substantive arguments advanced on behalf of RSI. While RSI generally contends that its objections should not be overruled (Doc. 65 at 8), with just two exceptions (as to requests to produce Nos. 1 and 15), it has neglected to directly respond to Defendants' arguments regarding the validity of those objections. (Doc. 65).

In any event, based upon their filings, it appears that the following discovery disputes remain unresolved. Accordingly, the Court will make its best attempt to address each item in turn below.

## 1. Interrogatories 18 & 19

Defendants contend that RSI has failed to adequately respond to Interrogatories 18 and 19 which asked RSI to compute alleged damages:

> 18. Identify with specificity RSI's computation of its alleged damages, including but not limited to the monetary amount.
>
> 19. Identify with specificity RSI's computation of its "loss of business, loss of competitive advantage, lost profits, reputational damage, and[/or] loss of goodwill" as alleged in paragraph 79 of the SAC.

(Doc. 58-1 at 11).

Defendants assert that RSI replied that, "RSI is in the process of computing its damages and will update/supplement this response." Defendants contend that RSI has not supplemented these responses, and that the information is needed for expert disclosures and in discovery. Defendants request that RSI be required to provide substantive answers within five days of the Court's order.

The undersigned is mindful of Rule 33, the Local Rules, and the overall circumstances of this case, including the complexity of the issues raised (and particularly the complexity of computing damages), that discovery is ongoing, and that the parties have recently moved to

extend remaining discovery deadlines. Nonetheless, under both Rule 26 and in response to the interrogatories, RSI is obliged to provide information regarding its computation of damages. *See Am. Enters. Collision Ctr., Inc. v. Travelers Prop. & Cas. Co. of Am.*, No. 2:09-CV-443-FTM-29-SPC, 2010 WL 11507335, at *4 (M.D. Fla. Sept. 17, 2010) (granting motion to compel damages computation). *See also Lafleur v. State Univ. Sys. of Fla.*, No. 8:20-CV-1665-KKM-AAS, 2021 WL 963938, at *2 (M.D. Fla. Mar. 15, 2021) (granting motion to compel computation of damages).

**Accordingly, within 30 days of the entry date of this Order, RSI is directed to provide complete and good faith responses to Interrogatories No. 18 and 19, subject to the right and obligation to supplement under Federal Rule of Civil Procedure 26(e).**

### 2. Request for Production No. 1

Defendant's request for production No. 1 seeks "[a]ll written agreements RSI entered into with insurance brokers as alleged in paragraph 18 of the SAC [second amended complaint]." Paragraph 18 states, "In particular, RSI enters into written agreements with insurance brokers across the country who work with RSI to bind coverage for a variety of risks in the live event and leisure market in exchange for a percentage of premium paid by each insured." (Doc. 49).

RSI argues that this request is "not temporally or subject matter limited but could be construed as seeking every single agreement Plaintiff entered into with insurance brokers whether related to this case or not." (Doc. 65 at 8). Meanwhile, Defendants contend that these documents are discoverable because RSI "refers to these written agreements as a basis for its claim that 'customers or clients' include brokers, insurers, reinsurers, and reinsurance

brokers." (Doc. 58 at 10). Defendants also contend that the parties' stipulated protective order addresses any concerns about confidentiality.

Upon consideration, the undersigned finds it is appropriate to narrow the scope of request No. 1. This request seeks "all" documents within a category that is both broad and appears to seek sensitive proprietary or trade secret information. Notwithstanding the parties' stipulated protective order, it is not apparent that requiring production of "all" documents within this category is appropriate at this stage of litigation. Further, this same information could be obtained via other discovery methods, such as through deposition testimony.

**Accordingly, as to request No. 1, within 30 days of the entry date of this Order, RSI is directed to produce a substantial representative sample of documents that are responsive to the above request and not otherwise protected by privilege. If privilege is claimed, by the same deadline, RSI shall produce an appropriate privilege log in accordance with the requirements of Rule 26. Where a temporal limitation is appropriate, the parties may limit disclosures to documents created within the past five years.**

### 3. Request for Production No. 15

Defendant's request for production No. 15 seeks "[a]ll documents and communications between RSI and Chasgatr related to the Consulting Agreement and/or any version or amendment thereto." RSI contends that this request is overly broad, lacks specificity, and could produce irrelevant materials.

The undersigned finds that RSI's objections to this request are due to be overruled. It appears undisputed that the agreement between Landrum and RSI began in 2021, a mere four years ago, and was terminated in 2024. Thus, the universe of documents responsive to this

request would be limited by that general time frame. Disclosure of such materials is unlikely to be unduly burdensome given the limited period.

**Accordingly, within 30 days of the entry date of this Order, RSI is directed to produce <u>all</u> documents that are responsive to request No. 15 and not otherwise protected by privilege.**

### 4. Requests for Production Nos. 30-49 and 53-56

Defendants contend that RSI has confirmed it is not withholding any documents responsive to requests Nos. 30-49 and 53-56 based on objections, but that a supplemental production is anticipated. Defendants argue that the information is needed to proceed with discovery and expert disclosures, but that the parties have been unable to agree to a date certain for the production.

**Accordingly, within 30 days of the entry date of this Order, RSI is directed to produce <u>all</u> documents that are responsive to requests 30-40 and 53-56 and not otherwise protected by privilege.**

### 5. Requests for Production Nos. 3, 5, 7, 9, 10, 14, 16, 17, 25, 26, 28, 29 & 50

Defendants explain in their reply that, based on the parties' meet and confer conference, some of the documents sought by these remaining requests (Nos. 3, 5, 7, 9, 10, 14, 16, 17, 25, 26, 28, 29 & 50) are being withheld based on privilege, and others simply have not been produced as the parties have been unable to agree on a disclosure date. (Doc. 73, Doc. 58-2). Meanwhile, RSI did not specifically address each of these requests in its response to the motion to compel. (Doc. 65).

Those requests are as follows:

> 3. All program administration agreements and/or similar agreements with insurers as alleged in paragraph 19 of the SAC.

5. All insurance policies underwritten by RSI as alleged in paragraph 20 of the SAC.

7. All quota share reinsurance agreements for the insurance programs administered by RSI as alleged in paragraph 21 of the SAC.

9. All documents and communications related to the alleged confidential information RSI relies upon, including but not limited to the following as alleged in paragraph 23 of the SAC:

  a. insureds' loss runs;

  b. broker lists;

  c. reinsurance broker lists

  d. policy renewal dates;

  e. the terms and conditions of broker agreements;

  f. program administration and similar agreements; and

  g. quota share reinsurance and similar agreements.

10. Documents sufficient to identify the alleged proprietary information and/or trade secrets RSI relies upon, including but not limited to the following as alleged in paragraph 24 of the SAC:

  a. The method of calculating premium;

  b. Pricing algorithms;

  c. Marketing strategy;

  d. Geographic and program expansion;

  e. RSI's work product;

  f. The terms and conditions of confidential agreements with brokers;

  g. The terms and conditions of confidential agreements with fronting carriers;

  h. The terms and conditions of confidential agreements with reinsurers

i. The risk evaluation through use of confidential insured information and data; and

j. The strategic business growth and expansion.

14. All documents and communications related to the Consulting Agreement and/or any version or amendment thereto.

16. All documents and communications between RSI and any third party related to the Consulting Agreement and/or any version or amendment thereto.

17. All documents and communications related to the negotiations of the Consulting Agreement, including but not limited to any negotiations related to paragraph 11 titled Non-Interference with Business and the phrase "customers or clients."

25. All documents and communications related to Landrum's notification that Chasgatr was terminating the Consulting Agreement as alleged in paragraph 55 of the SAC.

26. All documents and communications related to Landrum's resignation as Board member of RSI as alleged in paragraph 56 of the SAC.

28. All documents and communications supporting your contention that RSI employees abruptly resigned as alleged in paragraphs 61, 64, and 65 of the SAC.

29. All documents and communications related to Landrum's alleged contact of RSI's brokers for the purpose of soliciting and/or placing coverage with Rokstone as alleged in paragraph 73 of the SAC.

50. All documents and communications supporting your contention that Landrum was an employee of RSI.

The Court has reviewed each of these requests in the context of the allegations of the complaint, the context of the niche industry to which this case relates, as well as the context of the parties' stipulated protective order. As to each of these requests, RSI initially made the repeated objections that the requests are vague, overly broad, burdensome, or seek privileged or confidential and proprietary information (Doc. 58-3). Except for properly exercised claims

of privilege and the issue of breadth as to certain requests (as discussed below), these objections are generally due to be overruled. The undersigned finds that the information sought by these requests is relevant and proportional to the needs of the case and should be produced, subject to any claim of privilege. While the undersigned is mindful of RSI's concern regarding confidential and proprietary information, it appears that the parties' stipulated protective order would largely address those concerns. (Doc. 61).

That said, the undersigned finds it is appropriate to narrow the scope of requests 3, 5, 7, 9, and 10. These requests seek "all" documents within categories that are both broad and appear to seek sensitive proprietary or trade secret information. Notwithstanding the parties' stipulated protective order, it is not apparent that requiring production of "all" documents within these categories is appropriate at this stage of litigation. Further, this same information could be obtained via other discovery methods, such as through deposition testimony.

**Accordingly, as to requests for production 3, 5, 7, 9 & 10, within 30 days of the entry date of this Order, RSI is directed to produce a substantial representative sample documents that are responsive to the above requests and not otherwise protected by privilege. If privilege is claimed, by the same deadline, RSI shall produce an appropriate privilege log in accordance with the requirements of Rule 26. Where a temporal limitation is appropriate, the parties may limit disclosures to documents created within the past five years.**

**As to requests for production 14, 16, 17, 25, 26, 28, 29 & 50, within 30 days of the entry date of this Order, RSI is directed to produce all documents that are responsive to the above requests and not otherwise protected by privilege. If privilege is claimed, by the same deadline, RSI shall produce an appropriate privilege log in accordance with the**

**requirements of Rule 26. Where a temporal limitation is appropriate, the parties may limit disclosures to documents created within the past seven years.**

### 6. Attorney's Fees and Expenses

The Court now turns to the issue of attorney's fees and expenses which are sought by Defendants. Under Federal Rule of Civil Procedure 37(a)(5)(A), if the Court grants a motion to compel, then the Court must require the respondent, the respondent's attorney, or both to pay the movant's reasonable expenses, including attorney's fees, incurred in making the motion. If, however, "the opposing party's nondisclosure, response or objection was substantially justified" or "other circumstances make an award of expenses unjust," the court must not order payment. Fed. R. Civ. P. 37(a)(5)(A).

Here, the undersigned has granted Defendants' motion in part and denied the motion in part. Accordingly, the parties will be given an opportunity to be heard on the issue of attorney's fees and expenses.

### 7. Further Discovery

Finally, the Court notes that the posture of the parties' discovery dispute leaves some uncertainty as to whether any additional discovery requests remain in dispute, or whether further disputes will arise in the future. The Court has made every effort to address and resolve all outstanding discovery disputes based upon the parties' briefs. Going forward, the parties are encouraged to work together in the spirit of the Local Rules and the Middle District Discovery Handbook. The parties are reminded of their obligations under Local Rule 3.01(g) to meet and confer in a good faith effort to narrow and resolve issues prior to filing any future motions. The parties are encouraged (indeed expected) to communicate directly, either in person or via telephone, in a good faith attempt to resolve any disputes that may arise.

## IV.     Conclusion

Accordingly, upon due consideration, it is ORDERED that:

1.  Defendants' motion to compel (Doc. 58) is GRANTED to the extent explained above but otherwise DENIED. The parties should take note of the directives emphasized in bold in this Order.

2.  If Defendants seek expenses under Rule 37(a)(5)(A), Defendants are directed to file an appropriate motion, including an affidavit supporting a motion for reasonable expenses, including attorney's fees, incurred in making the motion to compel. RSI may then file a response to the motion within the time permitted under the Local Rules. Any such motion or response should address both entitlement to expenses under Rule 37(a)(5)(A) as well as whether claimed expenses are reasonable under the circumstances.

**DONE** and **ORDERED** in Ocala, Florida on July 28, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties