UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RENAISSANCE SPECIALTY INSURANCE, LLC, THE RENAISSANCE GROUP, LLC, TRADESMAN PROGRAM MANAGERS, LLC,**

      **Plaintiffs,**

v.

**CHARLES LANDRUM, CHASGATR CONSULTANTS INC, ROKSTONE SPORTS AND LEISURE LLC,**

      **Defendants,**
_____/

Case No.: 5:24-cv-00392-WGY-PRL

**ORDER**

      This breach of contract diversity action is before the Court for consideration of Plaintiff Renaissance Specialty Insurance (RSI), LLC's motion to compel directed to nonparty Accredited Surety and Casualty Company, Inc., filed on January 19, 2026. (Doc. 101). RSI's motion references correspondence and conferral efforts between counsel for RSI and counsel for the nonparty but fails to state whether RSI has served counsel for the nonparty with a complete copy of the motion currently before the Court. (Doc. 101). Rather, the certificate of service reflects that the motion has been served via CM/ECF on all counsel of record, and the nonparty is not listed on the docket.

      Further, a preliminary review of the motion reveals that both RSI and the nonparty would benefit from additional efforts such as those contemplated by Local Rule 3.01(g). Local

Rule 3.01(g) provides that "[b]efore filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion." The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876, 878 (M.D. Fla. 1996). Further, the term "communicate" has been defined as "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575 at n. 1(M.D. Fla. Aug. 14, 2000).

Under the circumstances presented here, and regardless of Accredited Surety and Casualty Company, Inc., being a nonparty, the undersigned finds it appropriate to direct both RSI and Accredited Surety and Casualty Company, Inc., to fully comply with the requirements set forth in Local Rule 3.01(g). Meanwhile, RSI's motion to compel directed at the nonparty (Doc. 101) will be denied without prejudice.

If RSI wishes to renew its motion, it may do so only after fully satisfying both the letter and spirit of Local Rule 3.01(g), and specifically and meaningfully discussing, either in person or via telephone <u>each</u> and <u>every</u> issue that remains in dispute in an effort to reach a resolution. Further, if RSI refiles its motion, it should ensure that the motion contains a certificate of

service that reflects that both this Order and a copy of the motion was properly served on the nonparty.

**DONE** and **ORDERED** in Ocala, Florida on January 22, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties