UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RENAISSANCE SPECIALTY INSURANCE, LLC, THE RENAISSANCE GROUP, LLC, TRADESMAN PROGRAM MANAGERS, LLC,**

      **Plaintiffs,**

  v.

**CHARLES LANDRUM, CHASGATR CONSULTANTS INC, ROKSTONE SPORTS AND LEISURE LLC,**

      **Defendants,**

_____/

Case No.: 5:24-cv-00392-WGY-PRL

**ORDER**

This breach of contract diversity action is before the Court for consideration of discovery motions. The Court will address each motion in turn below.

**I.     Background**

This case arises out of Defendant Charles Landrum's consulting work with Plaintiff, Renaissance Specialty Insurance, LLC. ("RSI"). RSI underwrites insurance coverage for a "specialized and niche market," including live music, sporting, and entertainment events and venues. (Doc. 49 at 3). RSI's business relies on "certain confidential information and documents, proprietary methods, and trade secrets to maintain a competitive advantage and to distinguish itself from its competitors," including insureds' loss runs, broker and

reinsurance broker lists, policy renewal dates and terms and conditions of broker agreements. (Doc. 49 at 4-5).

In 2021, RSI entered an agreement with Landrum and his consulting business, Chasgatr Consultants, Inc., including Landrum's appointment as RSI's chief executive underwriting officer and Landrum providing underwriting and executive business consulting services to RSI. As alleged in the second amended complaint, Landrum "directed and oversaw all aspects of RSI's underwriting functions," including, but not limited to,

> assisting with the development of RSI's underwriting procedures, policy forms and endorsements; developing new and best practices; and maintaining and growing key relationships with RSI's brokers, insureds, RSI's fronting carrier, reinsurers, and reinsurance brokers.
>
> Landrum also coordinated field underwriting and RSI's field sales force, and was responsible for establishing overall direction and strategic initiatives for RSI's unique and niche insurance programs.

(Doc. 49 at 6). Landrum's relationship with RSI was the subject of a written agreement that included provisions regarding conflicts of interest, ownership of work product, confidentiality, and non-interference with business.

As alleged in the second amended complaint, in June of 2024, Landrum gave notice of terminating the agreement with RSI. Soon thereafter, competitor Rokstone Sports and Leisure LLC ("Rokstone") announced the launch of a new sports and leisure casualty division in the United States to be led by Landrum. RSI alleges that, because Rokstone had no prior presence in that market, it necessarily had to rely on Landrum's knowledge, contacts, and relationships. In short, this litigation ensued.

In this action, Plaintiff RSI alleges claims for breach of contract and tortious interference, as well as claims arising from misappropriation of trade secrets and breach of

fiduciary duties and related claims. (Doc. 49). The current discovery disputes arise from both outstanding discovery requests and the disclosure of an expert report. The parties have been given ample opportunity to brief the issues, as well as to confer in good faith regarding the disputed issues as required by the Local Rules.

## II.     Legal Standards

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, No. 6:06-cv-1671, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007).

The moving party "bears the initial burden of proving that the information sought is relevant." *Douglas v. Kohl's Dep't Stores, Inc.*, No. 6:15-cv-1185, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quoting *Moore v. Lender Processing Servs. Inc.*, No. 3:12-cv-205, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013)). Relevancy is based on the "tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." *Garcia v. Padilla*, No. 2:15-cv-735, 2016 WL 881143, at *2 (M.D. Fla. March 8, 2016) (quoting Fed. R. Evid. 401).

Proportionality requires counsel and the Court to consider whether relevant information is discoverable in view of the needs of the case. In making this determination, the Court is guided by the non-exclusive list of factors in Rule 26(b)(1). *Graham & Co., LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:14-cv-2148, 2016 WL 1319697, at *3 (N.D. Ala. April 5, 2016).

"Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Id.* (quoting *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 569 (D. Colo. 2014)).

In order to frame the discovery, it is essential to determine the purpose of the discovery. As the commentary to Rule 26 explains: "A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." Fed. R. Civ. P. 26. Then, of course, it is the "Court's responsibility, using all the information provided by the parties, . . . to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

### III. Discussion

To begin, the Court notes that there has been a history of discovery disputes in this case. (Doc. 78). There are currently two pending discovery motions before the Court, both filed on behalf of RSI: (1) RSI's motion to compel discovery responses; and (2) RSI's motion for leave to supplement the expert report of Richard Hoffman.

#### (a) RSI's Motion to Compel Discovery Responses

First, RSI has filed a motion to compel discovery responses, to which the Defendants have responded. (Docs. 87 & 88). First, however, the Court observes that, for the most part, the parties have again taken a blanket approach in RSI's motion to compel and the Defendants' response.[1] In other words, rather that setting forth each specific discovery

---

[1] The Court notes that the parties took a similar approach regarding a prior discovery dispute. (Doc. 78).

request, the response and/or objection that was made, the parties' respective arguments, and an explanation of the extent to which the specific request remains in dispute, the parties have instead grouped several requests together in their briefs (as many as seven requests in one argument). This circumstance makes the Court's analysis difficult.

In any event, the Court will make its best attempt to address each disputed item below.

1. **List of Insureds requested by Landrum Interrogatories 2 and 6; Chasgatr Interrogatories 3 and 7, and Rokstone Interrogatories 1, 5 and 6.**

RSI contends that Defendants failed to adequately respond to these interrogatories that requested information regarding insureds, and contends that these requests seek "relevant, targeted information concerning post-employment conduct and alleged violations of the Consulting Agreement, including misappropriate of confidential information." (Doc. 87 at 9). Defendants argue that the interrogatories are overly broad and not proportional to the needs of the case.

Upon review, the undersigned finds that the following requests are indeed overly broad: Rokstone Interrogatories 1 ("all policies") and 6 ("all insureds with whom you have communicated"). The same is true for Landrum Interrogatory 2, and Chasgatr Interrogatory 3 ("all policies").

On the other hand, Rokstone Interrogatory 5 requests identification of "all policies of insurance issued to insureds that were previously insured by RSI during the preceding policy period." This request is narrowly tailored to the issues in dispute and proportional to the needs of this case. **Rokstone is directed** to provide a full and complete response to this interrogatory in good faith, and to the best of its ability. The same is true for the parallel requests, Landrum Interrogatory 6 and Chasgatr Interrogatory 7.

Further, the Court notes that previous responses to these interrogatories were nonresponsive. Chasgatr, for example, responded as follows:

> Chasgatr states that it has not directly or indirectly called on, solicited, or taken away any of RSI's customers or clients, meaning insureds. Chasgatr also states that, after Chasgatr separated from RSI, Landrum (on behalf of Chasgatr) returned his laptop and destroyed any and all RSI confidential information and work product (to the extent it existed). Consequently, Chasgatr does not know "all policies of insurance" that RSI issued during the preceding policy period. If RSI were to provide a list of insureds that RSI previously insured during the preceding policy period, then Chasgatr may identify to who, if any, Chasgatr provided underwriting services for that time period.

The interrogatories merely request identification of all policies that were issued to insureds who were previously insured by RSI during the preceding policy. In other words, the interrogatory requests a straightforward list of information, not an explanation of the circumstances or a defense of Defendants' actions. **Landrum and Chasgatr are directed** to provide full and complete responses to these interrogatories (Landrum Interrogatory 6 and Chasgatr Interrogatory 7) in good faith, and to the best of their ability.

2. **Definition of "clients" and "customers"**

Next, RSI contends that Defendants have adopted an unduly narrow construction of the Consulting Agreement, asserting that the term "clients or customers" refers solely to insureds such as individuals or entities that purchase insurance products. RSI asserts that Defendants contend that only insureds fall within the scope of the Agreement, and are the only parties relevant to RSI's claims, and that the improperly narrowed definition has resulted in Defendants' excluding responsive information. Meanwhile, Defendants argue that RSI's broad interpretation of the terms constitutes a fishing expedition aimed at exposing all of Rokstone's business communications under the guise of litigation. (Doc. 88 at 9).

Upon preliminary review, RSI's argument on this point is not without merit. RSI, however, has neglected to link this issue to any specific discovery request. Consequently, the Court is unable to evaluate these disputed terms in context regarding the consequent impact on discovery efforts. The undersigned is unwilling to make rulings regarding these terms out of context. Absent a more specific motion that highlights the impact of this dispute on a specific discovery request, RSI's request that the Court generally compel Defendants to provide full responses with the plain and proper meaning of "clients and customers" is due to be denied without prejudice.

**3. Identification of Individuals requested by Landrum Interrogatories 12 and 13.**

Next, RSI moves to compel responses to the following interrogatories that are included with their responses below.

> Landrum Interrogatory 12: Identify by name and title all persons with whom you communicated, in writing or orally, regarding the formation or entering into of any employment, independent contractor, business and/or any other relationship between you and Rokstone.
>
> RESPONSE: Landrum states that other than his spouse and his counsel, he has not communicated with anyone directly about joining Rokstone. In July 2024, Rokstone issued a press release announcing that Landrum joined Rokstone to lead the Sports and Leisure Casualty division in the US. The press release was available to the public so it is impossible for Landrum to identify all persons who read the press release.
>
> Landrum Interrogatory 13: Identify by name and title all persons employed by Accredited, including its officers, with whom you communicated, in writing or orally, regarding the formation or entering into of any employment, independent contractor, business and/or any other relationship between you and/or Chasgatr and Rokstone.
>
> RESPONSE: Landrum states that he has not communicated with anyone employed by Accredited directly regarding joining Rokstone. In July 2024, Rokstone issued a press release

announcing that Landrum joined Rokstone to lead the Sports and Leisure Casualty division in the US. The press release was available to the public so it is impossible for Landrum to identify all persons who read the press release.

RSI contends that Landrum's responses offered evasive and overly narrow answers and inserted the word "directly" thereby improperly narrowing the scope of the interrogatories. Upon consideration, the Court agrees. Setting aside the question of who may have read or received the press release, **Landrum is directed** to provide full and complete answers to these interrogatories, in good faith and to the best of his ability. Further, in responding to these interrogatories Landrum should apply the plain meaning of the terms used and not insert any extraneous terms to inappropriately narrow the scope of the request. Landrum is also cautioned that any assertion of attorney client privilege must have a proper legal and factual basis.

4. **Identification of Individuals requested by Rokstone Interrogatories 13 and 14.**

RSI also moves to compel responses to the following interrogatories:

> Rokstone Interrogatory 13: Identify by name and title all persons with whom you communicated, in writing or orally, regarding the formation or entering into of any employment, independent contractor, business and/or any other relationship between you and one or both of the Landrum Defendants.
>
> RESPONSE: Rokstone objects to this Interrogatory as unduly burdensome and not relevant to any party's claim or defense nor proportional to the needs of this case. In July 2024, Rokstone issued a press release announcing that Landrum joined Rokstone to lead the Sports and Leisure Casualty division in the US. The press release was available to the public so it is impossible for Rokstone to identify all persons who read the press release.
>
> Rokstone Interrogatory 14: Identify by name and title all persons employed by Accredited, including its officers, with whom you communicated, in writing or orally, regarding the formation or entering into of any employment, independent contractor,

> business and/or any other relationship between you and one or both of the Landrum Defendants.
>
> RESPONSE: Rokstone objects to this Interrogatory as unduly burdensome and not relevant to any party's claim or defense nor proportional to the needs of this case. In July 2024, Rokstone issued a press release announcing that Landrum joined Rokstone to lead the Sports and Leisure Casualty division in the US. The press release was available to the public so it is impossible for Rokstone to identify all persons (whether employed by Accredited or not) who read the press release.

RSI contends that these interrogatories seek information central to their claims, specifically concerning the circumstances surrounding Landrum's departure and his subsequent engagement with Rokstone, "including whether such transition was effectuated through coordinated efforts in breach of legal or contractual obligations." (Doc. 87 at 16). In its response to the motion to compel, Rokstone states that it agrees to search for and supplement its answer as to any "active" communications.

Upon consideration, the objections to these interrogatories are overruled. Setting aside the question of who may have read or received the press release, **Rokstone is directed** to provide full and complete answers to these interrogatories, in good faith and to the best of its ability. Further, in responding to these interrogatories, Rokstone should apply the plain meaning of the terms used and not insert any extraneous terms to inappropriately narrow the scope of the request.

5. **Defendants' Objections to RSI's Request for Production 6**

Next, RSI moves to compel a proper response to its request for production 6, which sought all documents and communications identified in response to Interrogatory No. 10. Interrogatory No. 10 asked Defendants to identify the date on which Landrum first communicated, directly or indirectly, with Rokstone or its agents regarding the formation of

any employment, contractor, or business relationship. Defendants responded that the date of first communications was late January 2024 and then, in response to the request for production, stated that there were no documents or communications identified within Interrogatory No. 10.

RSI's motion to compel is denied as to Request for Production 6, but without prejudice to RSI's right to propound updated discovery requests tailored to the information sought.

6. **Landrum's objections to requests 13-15**

RSI also moves to compel responses to the following production requests:

> Landrum Request for Production 13: All documents and communications between you and Rokstone regarding any employment, independent contractor, business and/or any other relationship between one or both of the Landrum Defendants and Rokstone.
>
> RESPONSE: Landrum objects to this request as overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense nor proportional to the needs of this case. Documents and communications between Landrum and Rokstone regarding Landrum's or Chasgatr's relationship with Rokstone have no bearing on any of the issues in this case because they do not relate to the Consulting Agreement, Landrum's alleged fiduciary duties to RSI, any alleged tortious interference with RSI's contracts and relationships, or to any alleged trade secret misappropriation.
>
> Landrum Request for Production 14. All documents and communications between you and Rokstone regarding any agreement between one or both of the Landrum Defendants and Rokstone.
>
> RESPONSE: Landrum objects to this request as overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense nor proportional to the needs of this case. Documents and communications between Landrum and Rokstone regarding any agreement between Landrum or Chasgatr and Rokstone have no bearing on any of the issues in this case because they do not relate to the Consulting Agreement, Landrum's alleged fiduciary duties to RSI, any alleged tortious

interference with RSI's contracts and relationships, or to any alleged trade secret misappropriation.

Landrum Request for Production 15: All documents and communications relating to the negotiation of any agreements between one or both of the Landrum Defendants and Rokstone.

RESPONSE: Landrum objects to this request as overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense nor proportional to the needs of this case. Documents and communications regarding the negotiation of any agreement with Rokstone have no bearing on any of the issues in this case because they do not relate to the Consulting Agreement, Landrum's alleged fiduciary duties to RSI, any alleged tortious interference with RSI's contracts and relationships, or to any alleged trade secret misappropriation.

RSI requests that the Court overrule Landrum's objections to these requests for production because Landrum has unilaterally determined that they are irrelevant because they do not relate to RSI or the Consulting Agreement. The Court agrees that Landrum's objections to these production requests are due to be overruled as the documents sought are relevant to the claims and defenses asserted in this case. **Landrum is directed** to produce all documents responsive to these requests.

7. **Rokstone's objections to request for production 7**

RSI also moves to compel responses to Landrum requests for production 7.

Rokstone's 7: All communications between you and Rokstone from January 1, 2024 to the present, including, but not limited to, email communications sent to and received from the following email addresses: "Chasgatr@aol.com" and "Chasgatr@yahoo.com."

RESPONSE: Landrum will produce responsive, non-privileged documents, to the extent any are in his possession, custody, or control, that are regarding RSI. To the extent this request seeks additional documents, Landrum objects to this request as overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense nor proportional to the needs of this case. Communications between Landrum and

> Rokstone that are not related to RSI have no bearing on any of the issues in this case because they do not relate to the Consulting Agreement, Landrum's alleged fiduciary duties to RSI, any alleged tortious interference with RSI's contracts and relationships, or to any alleged trade secret misappropriation.

Regarding this request, Landrum states that it represented to RSI that it would produce "initial emails with Rokstone." (Doc. 88 at 12). Meanwhile, RSI contends that the information requested seeks documents and communications between Rokstone and the Landrum defendants regarding the formation, negotiation, and terms of their relationship, as well as materials concerning RSI. RSI argues that it alleges coordinated misconduct during Landrum's transition to Rokstone, "rendering documents regarding the timing, content, and participants in those discussions directly relevant to issues of intent, knowledge, and causation." (Doc. 87 at 21). The Court finds this argument regarding relevancy persuasive. Given the claims and defenses alleged in this case, the information sought is both relevant and proportional to the needs of the case. The Court also notes that there is a stipulated protective order in place in this case to address concerns such as confidentiality and sensitive information. (Doc. 61). Accordingly, **Rokstone is directed** to produce all documents responsive to these requests.

8. **Rokstone's objections to requests 17-25**

RSI also moves to compel responses to Rokstone requests for production 17-25.

> 17. All documents and communications between you and Landrum regarding any employment, independent contractor, business and/or any other relationship between you and one or both of the Landrum Defendants.
>
> RESPONSE: Rokstone objects to this request as overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense nor proportional to the needs of this case. Documents and communications between Landrum and Rokstone regarding Landrum's relationship with Rokstone

have no bearing on any of the issues in this case because they do not relate to the Consulting Agreement, Landrum's alleged fiduciary duties, any alleged tortious interference with RSI's contracts and relationships, or to any alleged trade secret misappropriation.

18. All documents and communications between you and Chasgatr regarding any employment, independent contractor, business and/or any other relationship between you and one or both of the Landrum Defendants.

RESPONSE: Rokstone objects to this request as overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense nor proportional to the needs of this case. Documents and communications between Chasgatr and Rokstone regarding Landrum's or Chasgatr's relationship with Rokstone have no bearing on any of the issues in this case because they do not relate to the Consulting Agreement, Landrum's alleged fiduciary duties, any alleged tortious interference with RSI's contracts and relationships, or to any alleged trade secret misappropriation.

19. All documents and communications between you and Landrum regarding any employment, independent contractor, business and/or any other relationship between you and one or both of the Landrum Defendants.

RESPONSE: This is duplicative of previous requests. Again, Rokstone objects to this request as overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense nor proportional to the needs of this case. Documents and communications between Landrum and Rokstone regarding Landrum's relationship with Rokstone have no bearing on any of the issues in this case because they do not relate to the Consulting Agreement, Landrum's alleged fiduciary duties, any alleged tortious interference with RSI's contracts and relationships, or to any alleged trade secret misappropriation.

20. All documents and communications between you and Chasgatr regarding any employment, independent contractor, business and/or any other relationship between you and one or both of the Landrum Defendants.

RESPONSE: This is duplicative of previous requests. Again, Rokstone objects to this request as overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense nor proportional to the needs of this

case. Documents and communications between Chasgatr and Rokstone regarding Landrum's or Chasgatr's relationship with Rokstone have no bearing on any of the issues in this case because they do not relate to the Consulting Agreement, Landrum's alleged fiduciary duties, any alleged tortious interference with RSI's contracts and relationships, or to any alleged trade secret misappropriation.

21. All documents and communications between you and Landrum regarding any agreement between you and one or both of the Landrum Defendants.

RESPONSE: Rokstone objects to this request as overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense nor proportional to the needs of this case. Documents and communications between Landrum and Rokstone regarding any agreement between either Landrum or Chasgatr and Rokstone have no bearing on any of the issues in this case because they do not relate to the Consulting Agreement, Landrum's alleged fiduciary duties, any alleged tortious interference with RSI's contracts and relationships, or to any alleged trade secret misappropriation.

22. All documents and communications between you and Chasgatr regarding any agreement between you and one or both of the Landrum Defendants.

RESPONSE: Rokstone objects to this request as overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense nor proportional to the needs of this case. Documents and communications between Chasgatr and Rokstone regarding any agreement between either Landrum or Chasgatr and Rokstone have no bearing on any of the issues in this case because they do not relate to the Consulting Agreement, Landrum's alleged fiduciary duties, any alleged tortious interference with RSI's contracts and relationships, or to any alleged trade secret misappropriation.

23. All documents and communications between you and the Landrum Defendants regarding any agreements between you and one or both of the Landrum Defendants.

RESPONSE: Rokstone objects to this request as overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense nor proportional to the needs of this case. Documents and communications between Chasgatr or Landrum and Rokstone regarding any agreement between either

Landrum or Chasgatr and Rokstone have no bearing on any of the issues in this case because they do not relate to the Consulting Agreement, Landrum's alleged fiduciary duties, any alleged tortious interference with RSI's contracts and relationships, or to any alleged trade secret misappropriation.

24. All documents and communications relating to the negotiation of any agreements between you and one or both of the Landrum Defendants.

RESPONSE: Rokstone objects to this request as overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense nor proportional to the needs of this case. Documents and communications relating to the negotiation of any agreement between either Landrum or Chasgatr and Rokstone have no bearing on any of the issues in this case because they do not relate to the Consulting Agreement, Landrum's alleged fiduciary duties, any alleged tortious interference with RSI's contracts and relationships, or to any alleged trade secret misappropriation.

25. All documents and communications related to RSI from January 1, 2024 to the present.

RESPONSE: Rokstone will produce responsive, non-privileged documents, to the extent any are in its possession, custody, or control, regarding RSI and Landrum or Chasgatr. To the extent this request seeks additional documents, Rokstone objects to this request as overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense nor proportional to the needs of this case. Documents and communications related to RSI that do not involve Landrum or Chasgatr have no bearing on any of the issues in this case because they do not relate to the Consulting Agreement, Landrum's alleged fiduciary duties, any alleged tortious interference with RSI's contracts and relationships, or to any alleged trade secret misappropriation.

RSI argues that Rokstone's objections to these requests should be overruled because Rokstone has either misinterpreted the requests or inappropriately narrowed the scope of the requests. RSI contends that the information sought by these requests is relevant to its claims of coordinated misconduct during Landrum's transition to Rokstone, which renders documents regarding the timing, content, and participants in those discussions relevant. The

Court agrees and finds that Rokstone's specific objections to each of these requests are due to be overruled, including objections that the requests are overly broad, unduly burdensome and seek irrelevant information. **Rokstone is directed** to produce all documents responsive to requests to produce 17-25.

### (b) RSI's Motion for Leave to Supplement the Report of Richard Hoffman

Also pending before the Court is RSI's motion for leave to supplement the expert report of Richard Hoffman, a damages expert for the Plaintiff. (Doc. 97). Plaintiff RSI represents it previously disclosed Hoffman's report that presented two theories of damages resulting from Defendants' alleged misconduct: (1) lost profits; and (2) unjust enrichment. Plaintiff later moved to supplement Hoffman's report to provide a "concurrent calculation of damages concerning the diminution in value suffered by Plaintiff as a result of Defendants' misconduct." (Doc. 97 at 6). Plaintiff states that its motion to supplement Hoffman's report was made over three weeks prior to the discovery deadline. Meanwhile, the Court notes that the discovery deadline has since been extended even further, to February 13, 2026. Plaintiff also states that it is willing to accede to an extension for Defendants to respond to any new information in the supplemental report.

Defendants object to the supplemental report. (Doc. 100). To summarize, Defendants contend that the report puts forth "a new $10 million diminution of value theory of damages, spanning 45 pages." (Doc. 100 at 4). Defendants argue that Plaintiff's request amounts to a violation of the case management and scheduling order, the request is outside the scope of supplements permitted under Rule 26(e), and that the proposed supplement is nothing more than a last-minute, unjustified attempt to add another theory of damages. Defendants contend the supplemental report is not justified or harmless, citing the four factors outlined in *Warner*

*v. Ventures Health Care of Gainesville, Inc.*, No. 5:00-Cv-308-Oc-10GRJ, 2001 WL 36098008 *1 (M.D.Fla. Aug.1, 2001).

"Generally, when assessing whether there was substantial justification for the failure to disclose or whether the failure to disclose was harmless courts consider four factors: (1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." Id. at *1.

While the Court acknowledges that RSI's motion lacks a robust explanation for the delayed disclosure, the other factors weigh in favor of allowing the supplemental report. In the context of the claims and defenses in this case, a $10 million diminution in value theory of damages is significant. RSI has already agreed to an extension for Defendants to respond to any new information set forth in the supplemental report. Finally, it is well within the Court's discretion to extend any deadlines required to allow the parties a full and fair opportunity to complete both fact and expert discovery in this case. Indeed, the Court acknowledges that this Order includes numerous rulings that may impact the parties' discovery efforts. "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, No. 6:06-cv-1671, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007).

### (c) Attorney's Fees and Expenses

Under Federal Rule of Civil Procedure 37(a)(5)(A), if the Court grants a motion to compel, then the Court must require the respondent, the respondent's attorney, or both to pay

the movant's reasonable expenses, including attorney's fees, incurred in making the motion. If, however, "the opposing party's nondisclosure, response or objection was substantially justified" or "other circumstances make an award of expenses unjust," the court must not order payment. Fed. R. Civ. P. 37(a)(5)(A).

Here, the undersigned has granted Plaintiff's motion in part and denied the motion in part. Accordingly, the parties will be given an opportunity to be heard on the issue of attorney's fees and expenses. If Plaintiff seeks attorney's fees and expenses, Plaintiff is directed to file an appropriate motion.

### (d) Further Discovery

Finally, the Court notes that the litigation of this case has involved numerous discovery disputes requiring the Court's resolution. Going forward, the parties are encouraged to work together in the spirit of the Local Rules and the Middle District Discovery Handbook. The parties are reminded of their obligations under Local Rule 3.01(g) to meet and confer in a good faith effort to narrow and resolve issues prior to filing any future motions. The parties are encouraged (indeed expected) to communicate directly, either in person or via telephone, in a good faith attempt to resolve any disputes that may arise.

### IV. Conclusion

Accordingly, upon due consideration, it is ORDERED that:

1. Plaintiff's motion to compel (Doc. 87) is GRANTED to the extent explained above but otherwise DENIED. The parties should take note of the directives emphasized in bold in this Order.

2. If Plaintiff seeks expenses under Rule 37(a)(5)(A), Plaintiff is directed to file an appropriate motion, including an affidavit supporting a motion for reasonable

> expenses, including attorney's fees, incurred in making the motion to compel. Defendants may then file a response to the motion within the time permitted under the Local Rules. Any such motion or response should address both entitlement to expenses under Rule 37(a)(5)(A) as well as whether claimed expenses are reasonable under the circumstances.

3. Plaintiff's motion for leave to supplement the expert report of Richard Hoffman (Doc. 97) is GRANTED.

4. The parties are directed to file an appropriate motion should they require any amendment to the current case management deadlines.

**DONE** and **ORDERED** in Ocala, Florida on January 28, 2026.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties