**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**RENAISSANCE SPECIALTY INSURANCE, LLC, THE RENAISSANCE GROUP, LLC, TRADESMAN PROGRAM MANAGERS, LLC,**

        **Plaintiffs,**

    **v.**

**CHARLES LANDRUM, CHASGATR CONSULTANTS INC, ROKSTONE SPORTS AND LEISURE LLC,**

        **Defendants,**

_____/

**Case No.: 5:24-cv-00392-WGY-PRL**

**ORDER**

This breach of contract diversity action is again before the Court for consideration of pending discovery motions, including Plaintiff Renaissance Specialty Insurance, LLC's motion to compel and to supplement its damages report (Doc. 106) and Plaintiff's motion to compel directed to non-party Accredited Surety and Casualty Company, Inc. ("Accredited") (Doc. 107).

**I.    Background**

As the Court previously observed, this case arises out of Defendant Charles Landrum's consulting work with Plaintiff, Renaissance Specialty Insurance, LLC. ("RSI"). RSI underwrites insurance coverage for a "specialized and niche market," including live music, sporting, and entertainment events and venues. (Doc. 49 at 3). RSI's business relies on

"certain confidential information and documents, proprietary methods, and trade secrets to maintain a competitive advantage and to distinguish itself from its competitors," including insureds' loss runs, broker and reinsurance broker lists, policy renewal dates and terms and conditions of broker agreements. (Doc. 49 at 4-5).

In 2021, RSI entered an agreement with Landrum and his consulting business, Chasgatr Consultants, Inc., including Landrum's appointment as RSI's chief executive underwriting officer and Landrum providing underwriting and executive business consulting services to RSI. As alleged in the second amended complaint, Landrum "directed and oversaw all aspects of RSI's underwriting functions," including, but not limited to,

> assisting with the development of RSI's underwriting procedures, policy forms and endorsements; developing new and best practices; and maintaining and growing key relationships with RSI's brokers, insureds, RSI's fronting carrier, reinsurers, and reinsurance brokers.
>
> Landrum also coordinated field underwriting and RSI's field sales force, and was responsible for establishing overall direction and strategic initiatives for RSI's unique and niche insurance programs.

(Doc. 49 at 6). Landrum's relationship with RSI was the subject of a written agreement that included provisions regarding conflicts of interest, ownership of work product, confidentiality, and non-interference with business.

As alleged in the second amended complaint, in June of 2024, Landrum gave notice of terminating the agreement with RSI. Soon thereafter, competitor Rokstone Sports and Leisure LLC ("Rokstone") announced the launch of a new sports and leisure casualty division in the United States to be led by Landrum. RSI alleges that, because Rokstone had no prior presence in that market, it necessarily had to rely on Landrum's knowledge, contacts, and relationships. In short, this litigation ensued.

In this action, Plaintiff RSI alleges claims for breach of contract and tortious interference, as well as claims arising from misappropriation of trade secrets and breach of fiduciary duties and related claims. (Doc. 49).

The undersigned notes that this case has a history of discovery disputes, including prior disputes related to similar issues. (Doc. 103). The parties have had an opportunity to brief the current issues, as well as to confer in good faith regarding the disputed issues as required by the Local Rules.

## II.     Legal Standards

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, No. 6:06-cv-1671, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007).

The moving party "bears the initial burden of proving that the information sought is relevant." *Douglas v. Kohl's Dep't Stores, Inc.*, No. 6:15-cv-1185, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quoting *Moore v. Lender Processing Servs. Inc.*, No. 3:12-cv-205, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013)). Relevancy is based on the "tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." *Garcia v. Padilla*, No. 2:15-cv-735, 2016 WL 881143, at *2 (M.D. Fla. March 8, 2016) (quoting Fed. R. Evid. 401).

Proportionality requires counsel and the Court to consider whether relevant information is discoverable in view of the needs of the case. In making this determination, the Court is guided by the non-exclusive list of factors in Rule 26(b)(1). *Graham & Co., LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:14-cv-2148, 2016 WL 1319697, at *3 (N.D. Ala. April 5, 2016). "Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Id.* (quoting *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 569 (D. Colo. 2014)).

In order to frame the discovery, it is essential to determine the purpose of the discovery. As the commentary to Rule 26 explains: "A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." Fed. R. Civ. P. 26. Then, of course, it is the "Court's responsibility, using all the information provided by the parties, . . . to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

### III.    Discussion

The Court will address each pending motion in turn below. As a preliminary matter, however, the undersigned notes that RSI's motion to compel also included a request styled as "time-sensitive" to extend the case management deadlines. That request has already been separately addressed by the Court and resulted in extensions of all case management deadlines, including extension of the discovery deadline to April 30, 2026. (Doc. 116).

### (a) RSI's Motion to Compel

Plaintiff RSI contends that its motion to compel is necessitated by Defendants' late and voluminous document production that was made only after this Court's Order granting Plaintiff's prior motion to compel. (Doc. 103). RSI asserts that Defendants produced 4,593 pages of documents, more than ten times what was produced in their initial production, thus significantly expanding the scope and complexity of discovery. (Doc. 106 at 5).

RSI contends that the late production necessitates the recall of Defendant Charles Landrum and Rokstone representative James Potter for continued depositions. RSI explains, for example, that Landrum testified at his deposition that he did not engage in talks with Rokstone until "months" after Potter initially contacted him in January 2024, but numerous documents in the late production establish otherwise. RSI further asserts that documents in the late production revealed discrepancies in Landrum's testimony about whether he worked for Rokstone during his non-solicitation period under his agreement with RSI. And RSI asserts that recently produced documents also reveal discrepancies in Potter's deposition testimony about the timeline regarding Landrum's employment.

In addition to continuing the depositions of Landrum and Potter, RSI also requests that the Court compel Defendants to produce additional documents.  First, RSI requests that the Court require the production of documents requested during depositions:

> During the depositions, Plaintiff requested the following: (1) TriNet Employee Handbook attachment to DEFS-000164 (Potter Dep. Tr., 91:22-93:2); (2) all prior drafts of the Rokstone/Chasgatr Consulting Agreement (Potter Dep. Tr., 95:18- 98:12); (3) documents and communications relating to the negotiation of the Rokstone/Chasgatr Consulting Agreement (Potter Dep. Tr., 99:12-19); (4) Chasgatr's articles of incorporation (Landrum Dep. Tr., 15:25-16:7; (5) all minutes from Chasgatr's board of directors' meetings (Landrum Dep. Tr.,17:7-14); (6) Chasgatr's agreement with Insurance Office of

> America (Landrum Dep. Tr., 26:23-27:1); (7) Chasgatr's tax returns (Landrum Dep. Tr., 26:23-27:1; (8) to the extent not already produced, all prior drafts of the Consulting Agreement between Chasgatr and RSI, as well as all emails reflecting the negotiation of that Consulting Agreement (Landrum Dep. Tr., 37:15-18, 44:20-45:14).

(Doc. 106 at 9).

Defendants Charles Landrum, Chasgatr Consultants Inc., and Rokstone Sports and Leisure LLC filed a consolidated response to Plaintiff's motion to compel. (Doc. 110). Defendants generally contend that "RSI has engaged in a calculated pattern of delay to prolong a meritless lawsuit, drive up defense costs, and pressure Defendants into paying to end the litigation." (Doc. 110 at 1). Defendants also claim that RSI's current motion to compel is due to RSI's own poor planning, and that its supplemental document production revealed nothing new. Defendants essentially state their theory of the case and contend that RSI fails to show good cause for compelling the documents.

As to the request to produce documents, Defendants contend that:

> The supplemental documents regarding the negotiations of Landrum's/Chasgatr's agreement with Rokstone have nothing to do with RSI and contain no RSI information. The supplemental documents all concern high-level negotiations about what would be Mr. Landrum's role at Roksone. RSI's only basis to argue otherwise is that Andrew Ott (a former RSI employee) is copied on some communications as he too was approached by Rokstone to leave RSI. In any event, Defendants already produced in its initial production an email in which Mr. Landrum forwarded Mr. Ott's offer letter from RSI at Mr. Ott's direction. That document was the subject of extensive questioning at each of Defendants' depositions, and thus RSI cannot validly claim any prejudice.

(Doc. 110 at 10). Defendants have made similar arguments in prior discovery disputes in this case. Defendants have repeatedly contended that documents are not relevant if they do not expressly pertain to RSI, or if they do not fit a particular theory of the case. Defendants'

contention that documents concern high-level negotiations about what Landrum's role at Rokstone would be misses the point that, under Plaintiff's theory, such information is relevant to RSI's claims in the case. Further, RSI is entitled to attempt to prove its case by both direct and circumstantial evidence.

The purpose of discovery is to "require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver*, 2007 WL 3232227, at *2. Under Rule 26 of the Federal Rules of Civil Procedure, the proper scope includes "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Here, although Defendants obviously disagree, the documents that RSI has identified above are relevant to its theory of the case that includes Landrum breaching his agreement with RSI, working for RSI's competitor, and tortiously interfering with or taking business from RSI. The Court acknowledges and appreciates that the parties disagree about many aspects of the case, including whether a valid non-compete agreement existed between RSI and Landrum, and whether it was breached. That disagreement, however, highlights the proper scope of discovery. RSI is entitled to discovery relevant to its theory of the case, and the documents requested above fall within that category. Further, the Court finds that the discovery requested is also proportional to the needs of the case. **Defendants are directed** to produce all documents responsive to these requests, also identified specifically in Footnote 5 at page 9 of Doc. 106.

Further, under the unique circumstances presented here, including the recent document production, the same is true for RSI's request that it be permitted to continue the

depositions of Landrum and Potter. RSI has shown good cause to continue the depositions considering the recent document production and alleged discrepancies between prior testimony and recently produced documents. Accordingly, **the parties are directed** that RSI shall be permitted to reopen and/or continue the depositions of Defendant Charles Landrum and Rokstone representative James Potter. The continued depositions shall be subject to the Federal Rules of Civil Procedure and the Local Rules of this Court. Regardless of the length of the prior depositions of these witnesses, the duration of the continued depositions shall be limited to one day of seven (7) hours, as provided by Rule 30(d)(1) of the Federal Rules of Civil Procedure.

### (b) RSI's Motion to Supplement Expert Damages Reports

RSI argues that Defendants' late production may also require it to supplement its expert damages reports to the extent discovery reveals that "additional insureds that Rokstone took from RSI that were not included in RSI's prior calculations." (Doc. 106 at 9). RSI seeks permission to "supplement its expert reports on damages to add any insureds that further discovery based on documents in the Late Production indicate were taken from RSI by Rokstone." (Doc. 106 at 9). RSI represents that it will not propound any new theory of damages or make substantive changes to its reports. (Doc. 106 at 9-10). RSI represents that "Plaintiff would simply include additional insureds in its current calculations to the extent further discovery discloses that Rokstone did indeed take more insureds from RSI as potentially indicated by documents in the Late Production." Defendants object to Plaintiff's request to supplement its reports and effectively contends that RSI's request is another attempt at delay.

Upon due consideration and considering the specific and limited scope of RSI's request, the undersigned finds that **RSI's request to amend its expert damages reports to include additional insureds in its current calculations is due to be granted,** provided that any amendment or supplement to the reports is limited to the amendments represented above.

### (c) RSI's Motion to Compel Directed to Third-Party

Also pending before the Court is RSI's motion to compel non-party Accredited Surety and Casualty Company, Inc. ("Accredited") to fully comply with the non-party subpoena served on January 27, 2025, including by producing all responsive, non-privileged documents responsive to each of its requests (except for Request No. 10) and by providing dates for the deposition of its corporate designee. (Doc. 107). RSI contends that Accredited was involved in RSI's "scheme to poach RSI clients and misappropriate RSI trade secret information than was previously known." (Doc. 107 at 8).

Through counsel, Accredited has responded in opposition to RSI's motion. (Doc. 115). Accredited argues that it has already completed multiple good faith conferences with RSI regarding the subject subpoena, that it has already produced two rounds of documents to RSI (including communications with Landrum and Rokstone), that it has already incurred significant expense in complying with the subpoena, that further production would be a "massive burden," and that it never declined to offer a representative for deposition. Importantly, Accredited asserts, "RSI has failed to demonstrate the relevance of any specific document Request or demonstrate that such relevance justifies the related burden non-party Accredited would incur producing those documents."

Indeed, in its motion, other than chronicling prior discovery efforts related to the subpoena and maintaining that Accredited's production was incomplete, RSI says very little

about why Accredited should be compelled to produce the remaining disputed records that

are subject to the subpoena. The only near exception is the following statement:

> Moreover, Defendants' production earlier this week includes documents evidencing greater involvement by Accredited in Rokstone's scheme to poach RSI clients and misappropriate RSI trade secret information than was previously known. See Exhibits L & M. These emails are directly related to at least Request Nos. 3, 4, and 8, yet they have not been produced by Accredited, including in the production served yesterday, which purported to include all responsive materials related to Request No. 4

(Doc. 107 at 8). What RSI has failed to do is identify each category of documents that remain

outstanding and provide the Court with a compelling justification of why the third-party

should bear the burden of producing those particular documents. Accredited argues,

"[r]espectfully, RSI should not expect the Court to do RSI's work to justify the Subpoena."

(Doc. 115 at 2). Furthermore, Accredited suggests that many of these same documents have

already been produced by Rokstone.

The Court agrees that under the circumstances and on the record currently before the

Court (which includes the lack of more specific justification by RSI), RSI has not

demonstrated that requiring the broad categories of documents requested by the subpoena

directed to Accredited is proportional to the needs of the case. **RSI's motion to compel**

**directed to Accredited (Doc. 107) is due to be denied.**

As a final matter, the Court will address the topic of a deposition of Accredited's

representative. In its response, Accredited represents that it never declined to appear for a

deposition, and it appears that such a deposition was never noticed. Accredited also argues

that the Court should not re-open discovery to permit Plaintiff to depose its representative. As

the parties are aware, and as Accredited should be advised, discovery in this case has been

extended on other grounds. In the interest of minimizing future discovery disputes, the Court observes that, in terms of proportionality to the needs of the case, a broad document production and a deposition are separate matters. A deposition of Accredited's representative taken pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, would not necessarily be out of proportion to the needs of this case.

### (d) Attorney's Fees and Expenses

Under Federal Rule of Civil Procedure 37(a)(5)(A), if the Court grants a motion to compel, then the Court must require the respondent, the respondent's attorney, or both to pay the movant's reasonable expenses, including attorney's fees, incurred in making the motion. If, however, "the opposing party's nondisclosure, response or objection was substantially justified" or "other circumstances make an award of expenses unjust," the court must not order payment. Fed. R. Civ. P. 37(a)(5)(A).

Here, the undersigned has granted Plaintiff's motion to compel (Doc. 106) in part. Accordingly, the parties will be given an opportunity to be heard on the issue of attorney's fees and expenses. If Plaintiff seeks attorney's fees and expenses, Plaintiff is directed to file an appropriate motion.

### (e) Further Discovery

Finally, the Court again notes that the litigation of this case has involved numerous discovery disputes requiring the Court's resolution. Going forward, the parties are encouraged to work together in the spirit of the Local Rules and the Middle District Discovery Handbook. The parties are reminded of their obligations under Local Rule 3.01(g) to meet and confer in a good faith effort to narrow and resolve issues prior to filing any future motions. The parties

are encouraged (indeed expected) to communicate directly, either in person or via telephone, in a good faith attempt to resolve any disputes that may arise.

## IV.    Conclusion

Accordingly, upon due consideration, it is ORDERED that:

1. Plaintiff RSI's motion to compel (Doc. 106) is **GRANTED** to the limited extent explained above. The parties should take note of the directives emphasized in bold in this Order.

2. If Plaintiff seeks expenses under Rule 37(a)(5)(A), Plaintiff is directed to file an appropriate motion, including an affidavit supporting a motion for reasonable expenses, including attorney's fees, incurred in making the motion to compel. Defendants may then file a response to the motion within the time permitted under the Local Rules. Any such motion or response should address both entitlement to expenses under Rule 37(a)(5)(A) as well as whether claimed expenses are reasonable under the circumstances.

3. Plaintiff's motion for leave to supplement its expert damages reports (Doc. 106) is **GRANTED**.

4. Plaintiff's motion to compel (Doc. 107) directed to third-party Accredited is **DENIED** as explained in this Order.

5. Plaintiff's motion for leave to file a reply to non-party Accredited's opposition to its motion to compel (Doc. 119) is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on March 13, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties