**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

RENAISSANCE SPECIALTY
INSURANCE, LLC, THE
RENAISSANCE GROUP, LLC,
TRADESMAN PROGRAM
MANAGERS, LLC,

          **Plaintiffs,**

    **v.**

CHARLES LANDRUM, CHASGATR
CONSULTANTS INC, ROKSTONE
SPORTS AND LEISURE LLC,

          **Defendants,**

_____/

**Case No.: 5:24-cv-00392-WGY-PRL**

**ORDER**

Upon referral, this diversity action alleging breach of a consulting agreement and related claims is before the Court for consideration of several pending motions.

**<u>Motion to Substitute Redacted Documents</u>**

First, Plaintiff Renaissance Specialty Insurance, LLC ("RSI"), requests leave to file redacted documents in substitution for previously filed documents containing privileged information. (Doc. 121). Plaintiff recites that two exhibits to the declaration of Greg Mosher, filed by RSI on August 13, 2024 (Doc. 16), contain privileged attorney-client communications and attorney work product. (Doc. 121 at 1). Plaintiff RSI requests that they be removed from the public docket and has provided substituted documents with redactions. Plaintiff states that

in March 2026, "in connection with Attorney Trexler's deposition," it came to Plaintiff's counsel's attention that Attorney Stephen Trexler represented both Mr. Mosher and RSI in connection with the consulting agreement that is at issue in this case. Plaintiff contends that any email communications between Mr. Trexler and Mr. Mosher regarding the consulting agreement are privileged and constitute attorney work product, including the email communications contained in Exhibits A and B to Mosher's declaration (referred to herein as the "Trexler emails"). (Docs. 16-1 & 16-2). RSI contends that, prior to Mr. Trexler's deposition, its counsel had not been fully apprised of the extent of Mr. Trexler's representation. Plaintiff contends that, "[a]fter recognizing the inadvertent disclosure" during the Mr. Trexler's deposition, Plaintiff RSI's counsel immediately notified Defendants' counsel in writing that same day pursuant to the parties' protective order, requesting the return or destruction of the privileged documents. (Doc. 121 at 5).

Defendants oppose Plaintiff's motion regarding redacting the documents, and contend that RSI "missed its boat, and the opportunity to claim privilege has well passed." (Doc. 123 at 3). Defendants argue that RSI produced the subject emails in its initial document production in June 2025, other witnesses were questioned about them in depositions (including Mosher and RSI corporate representative Sean McDonnell), and that RSI made no objection at that time. Defendants argue that RSI waived any privilege of the Trexler emails, that RSI knew the scope of Mr. Trexler's representation during the negotiations of the consulting agreement, and that even if disclosure was inadvertent, RSI nonetheless waived privilege related to the Trexler emails. Indeed, Defendants' response contains a lengthy argument that cites the five-step framework for determining whether inadvertent disclosure results in waiver. *See, e.g.*, *U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.*, 630 F. Supp. 2d

1332 (M.D. Fla. 2007). In addition to its lengthy substantive argument opposing Plaintiff's claim of privilege, Defendants request in their response that the Court deny Plaintiff's motion requesting substitution of the redacted documents and compel reproduction of RSI 00001-19. Defendants recite that, pursuant to the protective order, Defendants agreed to destroy all copies of those exhibits in their possession and raise the issue with the Court and that, depending on the Court's rulings, the documents may have to be produced.

Upon due consideration, RSI's motion to substitute the redacted documents is due to be granted. Although Defendants' motion invites the Court to convert its response into a substantive motion determining the issue of attorney-client privilege as it relates to the Trexler emails, the Court declines to do so. RSI's motion (Doc. 121) requests simple and straightforward relief, namely that the emails designated as privileged be removed from the public docket, and that request is due to be granted.

That said, the Court is mindful of the overall posture of this litigation and the apparent relevance of the Trexler emails to the claims and defenses in this case. The substantive issue of privilege, however, is not currently before the undersigned. Defendants' conclusory request that Plaintiff be required to produce the subject emails is inappropriate because it fails to comply with the Local Rules, including Local Rule 3.01 regarding requests for relief.

Importantly, the parties should note that the Court's ruling in this Order is limited in scope to facilitating the removal of the subject emails from the public docket and replacing them with redacted versions. The undersigned's ruling on this narrow procedural matter is without prejudice to any claim or argument the parties may have regarding privilege (or waiver of privilege) related to the Trexler emails.

**Motions to File Under Seal**

Next, the parties have filed several unopposed motions to file documents under seal in this case: (1) motion for leave to file under seal Defendants' Daubert motion to exclude testimony of Richard Hoffman, Jr., including exhibits 1-3 to the Daubert motion (Doc. 129); (2) Plaintiff's motion to file certain confidential exhibits under seal (Doc. 132); and (3) Plaintiffs' motion for leave to file Plaintiff's motion for partial summary judgment and confidential exhibits under seal. (Doc. 134).

The right of access to judicial records pursuant to common law is well established. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). Thus, when parties request an order restricting access to pleadings and evidence filed with the court, such a request warrants heightened scrutiny. Indeed, when a request for filing under seal is made, Eleventh Circuit precedent setting forth the governing standard and the public's interests, as well as the requirements of the Local Rules, should be addressed. *See U.S. v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311-12 (11th Cir. 2001); *Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 606-07 (1982); *Microlumen, Inc. v. Allegrati*, Case No. 8:07-cv-350-T-17TBM, 2007 WL 1247068 (M.D. Fla. April 30, 2007).

As the parties recite in each of their motions, the requests to seal are unopposed, and the documents to be filed under seal contain confidential and proprietary business information and sensitive trade secret information, including information designated as confidential under the parties' stipulated protective order. (Doc. 61). Upon due consideration and upon good cause shown, the undersigned finds that the requirements of Local Rule 1.11 are satisfied. The parties have demonstrated a sufficient basis for sealing the documents identified.

The parties are reminded that requests to seal documents warrant heightened scrutiny and that they should make every effort to minimize such requests.

Accordingly, upon due consideration, it is **ORDERED** that:

(1) Plaintiff's motion for leave to file redacted documents in substitution for as-filed documents containing privileged information (Doc. 121) is **GRANTED** to the extent explained in this Order. The Clerk is directed to take all steps necessary to effectuate the substitution of the redacted documents for the previously filed documents (Doc. 16-1 & 16-2), as addressed in this Order.

(2) The unopposed motions to seal documents (Docs. 129, 132 & 134) are GRANTED. The Clerk is directed to take all steps necessary, including communicating and coordinating with counsel, to file the documents identified in the motions under seal, including the following:

   a. Defendants' Daubert motion and exhibits 1-3 to that motion.

   b. Exhibits A, B, and E to Plaintiff's motion to preclude

   c. Plaintiff's motion for partial summary judgment and confidential exhibits

(3) The documents shall remain sealed during the pendency of this action, including on appeal, if applicable, and the duration of the seal shall be governed by Local Rule 1.11.

**DONE** and **ORDERED** in Ocala, Florida on May 26, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:


Counsel of Record

Unrepresented Parties