**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**RENAISSANCE SPECIALTY INSURANCE, LLC, THE RENAISSANCE GROUP, LLC, TRADESMAN PROGRAM MANAGERS, LLC,**

           **Plaintiffs,**

     **v.**

**CHARLES LANDRUM,  CHASGATR CONSULTANTS INC, ROKSTONE SPORTS AND LEISURE LLC,**

           **Defendants,**

_____/

**Case No.: 5:24-cv-00392-WGY-PRL**

**ORDER**

For at least the fourth time, this breach of contract diversity action is again before the Court for consideration of pending discovery motions, this time for consideration Defendants' motion to compel production to Defendants' discovery requests and subpoenas. (Doc. 127). Plaintiff has responded in opposition. (Doc. 128). For the reasons explained below, Defendants' motion is due to be denied without prejudice.

**I.    Background**

As the Court previously observed, this case arises out of Defendant Charles Landrum's consulting work with Plaintiff, Renaissance Specialty Insurance, LLC. ("RSI"). RSI underwrites insurance coverage for a "specialized and niche market," including live music, sporting, and entertainment events and venues. (Doc. 49 at 3). RSI's business relies on

"certain confidential information and documents, proprietary methods, and trade secrets to maintain a competitive advantage and to distinguish itself from its competitors," including insureds' loss runs, broker and reinsurance broker lists, policy renewal dates and terms and conditions of broker agreements. (Doc. 49 at 4-5).

In 2021, RSI entered an agreement with Landrum and his consulting business, Chasgatr Consultants, Inc., including Landrum's appointment as RSI's chief executive underwriting officer and Landrum providing underwriting and executive business consulting services to RSI. As alleged in the second amended complaint, Landrum "directed and oversaw all aspects of RSI's underwriting functions," including, but not limited to,

> assisting with the development of RSI's underwriting procedures, policy forms and endorsements; developing new and best practices; and maintaining and growing key relationships with RSI's brokers, insureds, RSI's fronting carrier, reinsurers, and reinsurance brokers.
>
> Landrum also coordinated field underwriting and RSI's field sales force, and was responsible for establishing overall direction and strategic initiatives for RSI's unique and niche insurance programs.

(Doc. 49 at 6). Landrum's relationship with RSI was the subject of a written agreement that included provisions regarding conflicts of interest, ownership of work product, confidentiality, and non-interference with business.

As alleged in the second amended complaint, in June of 2024, Landrum gave notice of terminating the agreement with RSI. Soon thereafter, competitor Rokstone Sports and Leisure LLC ("Rokstone") announced the launch of a new sports and leisure casualty division in the United States to be led by Landrum. RSI alleges that, because Rokstone had no prior presence in that market, it necessarily had to rely on Landrum's knowledge, contacts, and relationships. In short, this litigation ensued.

In this action, Plaintiff RSI alleges claims for breach of contract and tortious interference, as well as claims arising from misappropriation of trade secrets and breach of fiduciary duties and related claims. (Doc. 49).

## II.    Discussion

Defendants' motion to compel is directed at Plaintiff as well as numerous third parties, including Daniel Hickey, Jr., Greg Mosher, Thomas Kelly, Rick Ecklord, the Renaissance Group, Tradesman Program Managers, and Clear Blue Insurance Company. (Doc. 127). In summary, Defendants argue that the Court should overrule objections to its various discovery requests and compel more sufficient document production. Defendants have combined their arguments as to these numerous discovery requests into a single motion to compel. Defendants also recite that Plaintiff RSI's attorneys now represent the third parties. (Doc. 127 at 3).

### a.  Local Rule 3.01(g)

As explained in the Defendants' Rule 3.01(g) certification, the parties were unable to confer prior to the filing of Defendants' motion to compel. (Doc. 127 at 15). Both the motion and the exhibits to the motion demonstrate that the parties' efforts to meet and confer were made via letter and email and largely consisted of each party setting forth their positions and engaging in contentious posturing regarding whether opposing counsel was acting reasonably or in bad faith. (Doc. 127 at 4). Meanwhile, Plaintiff's leading argument in opposition to the motion to compel is that Defendants failed to attempt a good faith meet and confer regarding the motion. (Doc. 128 at 8-9). At the least, it is apparent that the parties never properly fulfilled the requirements of Local Rule 3.01(g) regarding Defendants' motion to compel.

The communications between counsel (Doc. 127-4) are inconsistent with the expectations of the Middle District of Florida's Local Rules and the Middle District of Florida Civil Discovery Handbook. "The district's attorneys and the Court are justifiably proud of the courteous practice that is traditional in the Middle District." (*See* https://www.flmd.uscourts.gov/civil-discovery-handbook). Counsel practicing in the Middle District of Florida are expected to practice with a spirt of cooperation and civility. Both the letter and spirit of Local Rule 3.01(g) reflect that expectation of cooperation and civility. The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876, 878 (M.D. Fla. 1996). Further, the term "communicate" has been defined as "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575 at n. 1 (M.D. Fla. Aug. 14, 2000).

The undersigned notes that in this case, counsel has repeatedly been admonished to fully comply with the requirements of Local Rule 3.01(g). On numerous occasions, counsel has been reminded that they are expected to confer <u>directly</u> either in person or via telephone in a good faith effort to narrow and resolve issues prior to filing any future motions. (Docs. 68, 78, 102, 103 & 122). As the Court has previously clarified, in instances such as presented by Defendants' motion, compliance with the letter and spirit of Local Rule 3.01(g) will typically require counsel to confer <u>directly</u>, either <u>in person</u> or <u>via telephone</u>, and specifically and meaningfully discuss <u>each</u> and <u>every</u> issue that remains in dispute in an effort to reach a resolution.

Putting aside the parties' attempts to characterize the conduct of the other party's counsel in terms such as "disingenuous," "harassing," "unreasonable," and in "bad faith," it is exceedingly apparent that due to various circumstances the parties failed to comply with the letter and spirit of Local Rule 3.01(g) prior to Defendants' filing its motion to compel. (See Doc. 127-4). It is further apparent that the discovery disputes that are the subject of Defendants' motion are precisely the type that would benefit from a meaningful good faith conference.

Under the circumstances presented here, the undersigned finds it appropriate to direct the parties to fully comply with the requirements set forth in Local Rule 3.01(g). Meanwhile, Defendants' motion (Doc. 127) will be denied without prejudice. If Defendants wish to renew their motion, they may do so only after fully satisfying both the letter and spirit of Local Rule 3.01(g), and specifically and meaningfully discussing, either in person or via telephone each and every individual discovery request (or document request within a subpoena) that remains in dispute in an effort to reach a resolution. Communicating directly, either in person or via telephone, promotes civility and professionalism. *See Craig v. Target Corp.*, No. 2:23-CV-599-JLB-KCD, 2023 WL 11257275, at *1 (M.D. Fla. Dec. 4, 2023) (emphasizing the importance of Local Rule 3.01(g) and noting that the rule does not "envision an exchange of ultimatums by email or letter.")

Further, given the overall circumstances of this case, should Defendants' wish to renew their motion as to subpoenas served on third parties, Defendants are directed that they should do so by filing separate motions to compel. In other words, if Defendants wish to compel production of information from a third party, it should file a separate motion to compel narrowly tailored to the arguments relevant to that subpoena and/or that party, and

Plaintiffs and/or the third parties should then, if appropriate, file a responsive pleading narrowly tailored to that motion. In its current posture, the combined approach taken in Defendants' motion to compel makes the Court's analysis exceedingly difficult. For example, it is difficult, if not impossible, to determine which positions are opposed and by which parties, whether the third parties have notice regarding Defendants' motion to compel, which parties are represented by which counsel, and on whose behalf each argument is being advanced. Counsel should also remain mindful that, while this case involves complex relationships between the parties and third parties, whether a third party objects to the subpoena (as opposed to an opposing party, or here, the Plaintiff) is relevant to the Court's analysis of any related discovery dispute.

b.   General Principles Relevant to Discovery in this Case

During conferral efforts, the parties should be mindful of the following principles. "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, No. 6:06-cv-1671, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007).

The moving party "bears the initial burden of proving that the information sought is relevant." *Douglas v. Kohl's Dep't Stores, Inc.*, No. 6:15-cv-1185, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quoting *Moore v. Lender Processing Servs. Inc.*, No. 3:12-cv-205, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013)). Relevancy is based on the "tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence

in determining the action." *Garcia v. Padilla*, No. 2:15-cv-735, 2016 WL 881143, at *2 (M.D. Fla. March 8, 2016) (quoting Fed. R. Evid. 401).

Proportionality requires counsel and the Court to consider whether relevant information is discoverable in view of the needs of the case. In making this determination, the Court is guided by the non-exclusive list of factors in Rule 26(b)(1). *Graham & Co., LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:14-cv-2148, 2016 WL 1319697, at *3 (N.D. Ala. April 5, 2016). "Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Id.* (quoting *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 569 (D. Colo. 2014)).

In order to frame the discovery, it is essential to determine the purpose of the discovery. As the commentary to Rule 26 explains: "A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." Fed. R. Civ. P. 26. Then, of course, it is the "Court's responsibility, using all the information provided by the parties, . . . to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

Previously, the parties agreed to a stipulated protective order to address concerns such as confidentiality and trade secret information (Doc. 60), and the parties are reminded that whether information is discoverable and whether it is ultimately admissible into evidence at trial are two entirely different matters. For example, information sought via a subpoena to a third party may be discoverable but not necessarily admissible at trial or in future proceedings.

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim and proportional to the needs of the case, considering the factors outlines in Rule 26(b)(1) of the Federal Rules of Civil Procedure. In this case, the parties have a history of discovery disputes arising from the parties believing requested information to be irrelevant given their respective theory or view of the case. The parties should be mindful that discovery may be obtained that is relevant to <u>any</u> party's claim.

Here, in a general sense, that means that Defendants are likely entitled to <u>nonprivileged</u> <u>proportional</u> discovery relevant to their claims and defenses that employees wanted to leave RSI for a variety of reasons, evidence rebutting RSI's claims of tortious interference and solicitation claims, evidence regarding whether Landrum was a member of RSI's board of managers, evidence rebutting RSI's trade secret misappropriation claims, and evidence rebutting RSI's damages claims. That said, a proportionality analysis must consider the needs of the case. For example, while Defendants are entitled to discovery relevant to their claims and defenses, such as that employees wanted to leave RSI for a variety of reasons, including due to reasons related to Greg Mosher's alleged medical condition, detailed discovery regarding Mosher's actual medical condition (including medical records) is unlikely to be proportional to the needs of the case, as opposed to information regarding what employees observed, knew, or believed about Mosher's condition. The parties should also consider whether requests are cumulative of other discovery, such as information obtained through deposition testimony. Unduly cumulative discovery requests, as well as requests that are overbroad and not appropriately tailored, are unlikely to be deemed proportional to the needs of the case.

Further, the undersigned is mindful that discovery is currently closed, however, should limited extensions of any appropriate deadlines be necessary, adjustments to the current case management deadlines are within the Court's inherent discretion.

    c.   <u>Representation by Counsel</u>

Finally, the Court observes that, while Defendants assert that the third parties are now represented by counsel for Plaintiff, the docket reflects no such appearance of counsel as to the majority of the third parties addressed in Defendants' motion. Further, while Plaintiff's response to the motion to compel addresses arguments relevant to the third-party subpoenas, the response was filed only on behalf of Plaintiff RSI. There has been no motion to quash filed as to any of the subpoenas addressed in Defendant's motion to compel. Any appearance by counsel in this case, including appearances on behalf of third parties, shall comply with the Local Rules. Likewise, any pleading filed on behalf of any party or third party shall comply with the Local Rules.

## III.    Conclusion

Accordingly, upon due consideration, it is ORDERED that Defendants' motion to compel (Doc. 127) is denied without prejudice.

**DONE** and **ORDERED** in Ocala, Florida on June 11, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties