UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RENAISSANCE SPECIALTY
INSURANCE, LLC, THE
RENAISSANCE GROUP, LLC,
TRADESMAN PROGRAM
MANAGERS, LLC,

          Plaintiffs,

    v.

CHARLES LANDRUM, CHASGATR
CONSULTANTS INC, ROKSTONE
SPORTS AND LEISURE LLC,

          Defendants,

_____/

**Case No.: 5:24-cv-00392-WGY-PRL**

**ORDER**

Previously, upon notification by the Clerk that attorney Eric Siegel, Esq., who is appearing in this case pro hac vice on behalf of Plaintiff, failed to timely activate e-filing access, the Court directed Mr. Siegel to complete all steps necessary to activate e-filing access.[1] (Doc. 105). Mr. Siegel was given 14 days to comply with the Order, failing which the Court cautioned that pro hac vice status may be revoked.

Upon notification by the Clerk, Mr. Siegel failed to activate e-filing access, and the time permitted for doing so expired. Then, on March 2, 2026, the Court issued an Order directing Mr. Siegel to show cause, by written response filed within 14 days, why he failed to

---

[1] Information regarding special admission to practice and submission of the pro hac vice e-file registration can be found on the Middle District of Florida's website, www.flmd.uscourts.gov/for-lawyers.

comply with the Court's prior Order, failing which pro hac vice status in this case would be withdrawn. (Doc. 117). Meanwhile, Mr. Friere, who also initially failed to do so, did heed the Court's directions and completed activation of e-filing access.

Mr. Siegel failed to either activate e-filing access or respond to the Court's Order to show cause and the time for responding has long since expired. Accordingly, the pro hac vice status of Mr. Siegel is hereby **WITHDRAWN**. The Clerk is directed to remove Mr. Siegel from the docket as counsel in this case.

Further, also upon notification by the Clerk, counsel for Plaintiff appear to be out of compliance with Local Rule 2.02(a). Local Rule 2.02(a) provides that "[t]he first paper filed on behalf of a party must designate only one 'lead counsel' who — unless the party changes the designation — remains lead counsel throughout the action." By written notice filed within ten days of the entry of this Order, counsel for Plaintiff shall fully comply with Local Rule 2.02 by designating a single attorney as lead counsel for this action.

**DONE** and **ORDERED** in Ocala, Florida on June 11, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties